CLAY H. TRENT, Respondent, v. LECHTMAN PRINTING COMPANY, Appellant.

Kansas City Court of Appeals, December 31, 1912.

NEGLIGENCE: Former Appeal. On a former appeal (141 Mo. App. 437), it was *held* that the trial court had properly refused to instruct the jury to find for the defendant, and as we find from the present record that the demurrer to the evidence raises the identical questions decided in the former opinion, the judgment for the plaintiff will not be disturbed.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*Battle McCardle* for appellant.

(1) The demurrer to the plaintiff's evidence should have been sustained because there was no evidence upon which a jury was entitled to pass. (2) The instruction No. 1, asked by defendant, in the nature of a peremptory instruction should have been given for the same reason. a. Under plaintiff's own testimony the danger of attempting to remove cards from the press, in the condition alleged, was so imminent that no person of ordinary prudence would have persisted in it. b. The danger was obvious, and plaintiff's testimony showed that he did not, and could not have relied upon any alleged assurance given by the

foreman. c. The testimony of plaintiff shows that the foreman gave him no assurance, and that all he did at last complaint was to frown and look dissatisfied. A frown is not an assurance. d. All the testimony in the case showed plaintiff was not entitled to recover. Coin v. Lounge Co., 222 Mo. 488; Epperson v. Cable Co., 155 Mo. 346; Showalter v. Fairbanks, 88 Wis. 376; Whaley v. Coleman, 113 Mo. App. 598; Knorpp v. Wagner, 195 Mo. 637; Myers v. Glass Co., 129 Mo. App. 557.

*Yates & Mastin* and *D. E. Bird* for respondent.

(1) Appellant's sole point is that the case should not have gone to the jury. An examination of the record will show that the evidence is substantially the same as upon the former appeal. The opinion of this court upon that appeal is decisive of this case and every question in it. Trent v. Printing Co., 141 Mo. App. 437. Inasmuch as counsel at this time is able to make no pretense of error save that based upon a matter absolutely decided upon the former appeal, it is evident that this appeal is not in good faith, is for vexation and delay and the judgment should be affirmed with ten per cent damages. This point is not perfunctorily made; unless the statute is applied to this case, it may as well be repealed.

JOHNSON, J.—This case was here on a former appeal from a judgment recovered by plaintiff. We reversed the judgment and remanded the cause on account of misconduct of plaintiff's counsel in his argument to the jury. [141 Mo. App. 437.] The case was tried again resulting in a verdict and judgment for plaintiff in the sum of $3500. Again defendant appealed and we are asked to reverse the judgment on the ground of error in the refusal of the court to give a peremptory instruction to the jury to return a verdict for the defendant.

A similar instruction was considered in our former opinion and we held that plaintiff had made out a case to go to the jury. Counsel for defendant attempt to excuse their second presentation of issues then definitely settled on the ground of essential differences in the evidence adduced at the two trials. Special attention is called to the alleged absence from the present record of any evidence of a promise to repair the machine in question and an assurance of safety on which plaintiff claims he relied. But we find in plaintiff's testimony the same assertions with reference to these issues, with the exception of some minor and nonessential differences as to details, that appeared in the former record. On the whole record we find the demurrer to the evidence raises the identical question we decided in the former opinion, and as we are satisfied with the views therein expressed, we see no occasion for disturbing the judgment.

Accordingly it is affirmed. All concur.